## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| JANAY REBBECCA JOHNSON, | |
| Plaintiff, | |
| | CASE NO. |
| -vs- | |
| EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and JPMORGAN CHASE BANK, N.A. d/b/a JPMCB AUTO FINANCE, | |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JANAY REBBECCA JOHNSON (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and JPMORGAN CHASE BANK, N.A. d/b/a JPMCB AUTO FINANCE (hereinafter "Chase Auto"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Experian and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Orange County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Experian is a corporation with its principal place of business in the State of Florida and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

3

13.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.    Chase Auto is a corporation with its principal place of business in the State of Ohio and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

17.    Chase Auto is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.    Chase Auto furnished information about Plaintiff to Experian and Trans Union that was inaccurate.

**<u>FACTUAL ALLEGATIONS</u>**

19.    Plaintiff is a natural person who is alleged to owe a debt.

20.    Plaintiff has a twin sister, Janal L. Johnson.

21.    In or about June 2023, Plaintiff's twin sister purchased a new vehicle and financed the purchase through Chase Auto.

22.    In or about July 2023, Plaintiff noticed an unexpected decrease in her credit score which appeared to be due to a hard inquiry by Chase Auto.

23.    Shortly thereafter, Plaintiff reviewed her credit reports and observed a hard inquiry from Chase Auto and an account with Chase Auto, partial account number 123144******, for an auto loan (hereinafter "Chase Auto Account"). The hard inquiry and the Chase Auto Account appeared to be related to the recently opened auto loan by Plaintiff's twin sister.

24.     Due to the inaccurate reporting, in or about July 2023, Plaintiff submitted an online dispute to Experian and Trans Union advising that the Chase Auto Account was not hers.

25.    On or about August 14, 2023, Trans Union responded by sending a copy of Plaintiff's credit report which continued to report the inaccurate Chase Auto Account.

26.    Trans Union failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff during the alleged investigation.

27.    Upon information and belief, Trans Union notified Chase Auto of Plaintiff's dispute. However, Chase Auto failed to conduct a reasonable investigation

and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

28.     Plaintiff did not receive any dispute results from Experian.

29.     Experian failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff.

30.     On or about September 22, 2023, Plaintiff again obtained a copy of her Experian credit report. Upon review, Plaintiff observed the Chase Auto hard inquiry and Chase Auto Account continued to be reported with a balance of $43,328. That same day, Plaintiff requested a copy of her Trans Union credit report online and was informed that her, "request cannot be fulfilled online at this time".

31.     On or about September 26, 2023, Plaintiff reported the inaccurate reporting to the Consumer Financial Protection Bureau ("CFPB"), File ID 230926-12110983.

32.     In the CFPB report, Plaintiff detailed the fact that the Chase Auto Account believed to belong to her twin sister was being reported to her credit file, and she requested an investigation into the inaccurate reporting.

33.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Experian and Trans Union, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

34.    Upon information and belief, Experian and Trans Union failed to review the CFPB complaint that Plaintiff filed and continued to report the erroneous account on her credit report.

35.    In or about September 2023, Plaintiff contacted Trans Union and disputed the inaccurate Chase Auto Account over the phone. Plaintiff explained the account was not hers and belonged to her twin sister.

36.    On or about October 9, 2023, Trans Union responded Plaintiff's telephone dispute by stating the Chase Auto Account was verified as accurate.

37.    Trans Union failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff during the alleged investigation.

38.    Upon information and belief, Trans Union notified Chase Auto of Plaintiff's dispute. However, Chase Auto failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

39.    Due to the continued inaccurate reporting, on or about October 13, 2023, Plaintiff sent detailed written dispute letters to Experian and Trans Union. In the letter, Plaintiff explained she had a twin sister and the Chase Account hard inquiry and Chase Auto Account belonging to her twin sister was appearing on Plaintiff's consumer report. In the letter, Plaintiff included an image of her driver's license and social security card as proof of identity. Plaintiff also included images of

the erroneous reporting, images of the filed CFPB complaint, and a copy of her twin sister's driver's license as proof that Plaintiff and her twin sister are two separate people.

40.    Plaintiff mailed her detailed written dispute letters via USPS Certified Mail to Experian (9589 0710 5270 0764 6616 36) and Trans Union (9589 0710 5270 0764 6616 43).

41.    Despite confirmation of delivery on October 18, 2023, Plaintiff did not receive dispute results in the mail from Experian. However, upon review of her Experian credit report on November 20, 2023, Plaintiff observed the Chase Auto Account continued to appear on her credit report with comments regarding the prior dispute investigation.

42.    Despite providing Experian with all the relevant information needed to prove Experian was mixing Plaintiff's file with her twin sister's file, Experian continued to report the inaccurate account.

43.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

44.    Experian never attempted to contact Plaintiff during the alleged investigation.

45.    Upon information and belief, Experian notified Chase Auto of Plaintiff's dispute. However, Chase Auto failed to conduct a reasonable investigation

and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

46.     Despite confirmation of delivery on October 18, 2023, Plaintiff did not receive dispute results in the mail from Trans Union. However, upon review of her Trans Union credit report on December 3, 2023, Plaintiff observed the Chase Auto Account was no longer appearing. However, the inaccurate Chase Auto hard inquiry continued to appear on her credit report.

47.     Despite providing Trans Union with all the relevant information needed to prove Trans Union was mixing Plaintiff's file with her twin sister's file, Trans Union continued to report inaccurately.

48.     Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

49.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

50.     Upon information and belief, Trans Union notified Chase Auto of Plaintiff's dispute. However, Chase Auto failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

51.     Due to the continued inaccurate reporting, on or about December 7, 2023, Plaintiff again sent detailed written dispute letters to Experian and Trans

Union. In the letter, Plaintiff explained she had a twin sister and the Chase Account hard inquiry and Chase Auto Account belonging to her twin sister was appearing on Plaintiff's consumer report. In the letter, Plaintiff included an image of her driver's license and social security card as proof of identity. Plaintiff also included images of the erroneous reporting, images of the filed CFPB complaint, and a copy of her twin sister's driver's license as proof that Plaintiff and her twin sister are two separate people.

52.    Plaintiff mailed her detailed written dispute letters via USPS Certified Mail to Experian (9589 0710 5270 0764 6979 18) and Trans Union (9589 0710 5270 0764 6979 01).

53.    On or about December 13, 2023, Plaintiff received dispute results from Experian, and to Plaintiff's relief, the inaccurate Chase Auto Account had been removed from Plaintiff's credit report.

54.    On or about December 14, 2023, Trans Union mailed a copy of Plaintiff's credit report to Plaintiff in response to her detailed dispute letter. Upon review, the inaccurate Chase Auto hard inquiry had been removed.

55.    As a result of the action and/or inaction of Defendants, Plaintiff has suffered damages, including, but not limited to:

i.   Monies lost by attempting to fix her consumer report. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.  Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; and

iv.  Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score.

### CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Experian Information Solutions, Inc. (Negligent)**

56.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-five (55) as if fully stated herein.

57.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

58.   Experian has had a mixed file for Plaintiff while possessing sufficient evidence that two individuals were involved in its file. Experian is aware that twin

siblings tend to have similar names, exact same last names, and exact dates of births. Usually, their social security numbers are one digit apart but despite having this knowledge, Experian fails to identity the mixed files of twins and continues to include the other sibling's name in its records.

59.     Experian allowed for Furnisher(s) to report inaccurate information on an account. Experian failed to have policies and procedures to avoid misreporting accounts.

60.     Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

61.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

62.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

63.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JANAY REBBECCA JOHNSON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT II**</u>
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

64.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-five (55) as if fully stated herein.

65.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

66.     Experian has had a mixed file for Plaintiff while possessing sufficient evidence that two individuals were involved in its file. Experian is aware that twin siblings tend to have similar names, exact same last names, and exact dates of births. Usually, their social security numbers are one digit apart but despite having this knowledge, Experian fails to identity the mixed files of twins and continues to include the other sibling's name in its records.

67.    Experian allowed for Furnisher(s) to report inaccurate information on an account. Experian failed to have policies and procedures to avoid misreporting accounts.

68.    Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

69.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

70.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

71.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JANAY REBBECCA JOHNSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and

post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

72.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-five (55) as if fully stated herein.

73.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable. Experian knew there were two different names associated with Plaintiff's file but failed to take any independent action to resolve the issue. Experian blatantly ignored some of Plaintiff's disputes.

74.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

75.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

76.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

77.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JANAY REBBECCA JOHNSON, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

78.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-five (55) as if fully stated herein.

79.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation;

16

(3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable. Experian knew there were two different names associated with Plaintiff's file but failed to take any independent action to resolve the issue. Experian blatantly ignored some of Plaintiff's disputes.

80.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

81.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

82.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

83.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JANAY REBBECCA JOHNSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

84.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-five (55) as if fully stated herein.

85.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

86.     Trans Union has had a mixed file for Plaintiff while possessing sufficient evidence that two individuals were involved in its file. Trans Union is aware that twin siblings tend to have similar names, exact same last names, and exact dates of births. Usually, their social security numbers are one digit apart but despite having this knowledge, Trans Union fails to identity the mixed files of twins and continues to include the other sibling's name in its records.

87.    Trans Union allowed for Furnisher(s) to report inaccurate information on an account. Trans Union failed to have policies and procedures to avoid misreporting accounts.

88.    Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

89.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

90.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

91.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JANAY REBBECCA JOHNSON, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-

judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VI**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Willful)**

92.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-five (55) as if fully stated herein.

93.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

94.     Trans Union has had a mixed file for Plaintiff while possessing sufficient evidence that two individuals were involved in its file. Trans Union is aware that twin siblings tend to have similar names, exact same last names, and exact dates of births. Usually, their social security numbers are one digit apart but despite having this knowledge, Trans Union fails to identity the mixed files of twins and continues to include the other sibling's name in its records.

95.     Trans Union allowed for Furnisher(s) to report inaccurate information on an account. Trans Union failed to have policies and procedures to avoid misreporting accounts.

96.    Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

97.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

98.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

99.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JANAY REBBECCA JOHNSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

100.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-five (55) as if fully stated herein.

101.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable. Trans Union knew there were two different names associated with Plaintiff's file but failed to take any independent action to resolve the issue. Trans Union blatantly ignored some of Plaintiff's disputes.

102.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

103.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

104.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

105.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JANAY REBBECCA JOHNSON, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

106.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-five (55) as if fully stated herein.

107.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable. Trans Union knew there were two different names associated with Plaintiff's file but failed to take any independent action to resolve the issue. Trans Union blatantly ignored some of Plaintiff's disputes.

108.  Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

109.  As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

110.  The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

111.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JANAY REBBECCA JOHNSON, respectfully requests that this Court award actual or statutory damages and punitive damages

against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT IX**
**Violation of the 15 U.S.C. § 1681s-2(b) as to**
**Defendant, JPMorgan Chase Bank, N.A. d/b/a JPMCB Auto Finance**
**(Negligent)**

112.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-five (55) as if fully stated herein.

113.   Chase Auto furnished inaccurate account information to Experian and Trans Union, and through Experian and Trans Union to all of Plaintiff's potential lenders.

114.   After receiving Plaintiff's disputes, Chase Auto violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian and Trans Union; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

115.   Chase Auto did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Chase Auto by the Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account was in fact not hers. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff's file was being mixed with her twin sister.

116.   Chase Auto violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

117.   As a direct result of this conduct, action and/or inaction of Chase Auto, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

118.   The conduct, action, and/or inaction of Chase Auto was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

119.   Plaintiff is entitled to recover costs and attorney's fees from Chase Auto in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JANAY REBBECCA JOHNSON, respectfully requests that this Court award actual damages against Defendant, JPMORGAN

CHASE BANK, N.A. d/b/a JPMCB AUTO FINANCE, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT X**
**Violation of the 15 U.S.C. § 1681s-2(b) as to**
**Defendant, JPMorgan Chase Bank, N.A. d/b/a JPMCB Auto Finance (Willful)**

120.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through fifty-five (55) as if fully stated herein.

121.   Chase Auto furnished inaccurate account information to Experian and Trans Union, and through Experian and Trans Union to all of Plaintiff's potential lenders.

122.   After receiving Plaintiff's disputes, Chase Auto violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian and Trans Union; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

123.   Chase Auto did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to Chase Auto by the Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account was in fact not hers. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff's file was being mixed with her twin sister.

124.   Chase Auto violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

125.   As a direct result of this conduct, action and/or inaction of Chase Auto, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

126.   The conduct, action, and/or inaction of Chase Auto was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

127.   Plaintiff is entitled to recover costs and attorney's fees from Chase Auto in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JANAY REBBECCA JOHNSON, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, JPMORGAN CHASE BANK, N.A. d/b/a JPMCB AUTO FINANCE, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JANAY REBBECCA JOHNSON, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and JPMORGAN CHASE BANK, N.A. d/b/a JPMCB AUTO FINANCE, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 5th day of January 2024.

Respectfully Submitted,

**/s/ *Christopher Legg***
Christopher W. Legg, Esq.

Florida Bar #: 0044460
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Office: 813-299-8537
Facsimile: 844-951-3933
Chris@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

**_/s/ Octavio Gomez_**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*