# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JANAY REBBECCA JOHNSON,

        Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and JPMORGAN CHASE BANK, N.A. d/b/a JPMCB AUTO FINANCE,

        Defendants.

Case No. 6:24-00033-ACC-DCI

## DISCLOSURE STATEMENT PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 7.1 AND LOCAL RULE 3.03

Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3.03, Defendant, JPMorgan Chase Bank, N.A. ("Chase"), makes the following disclosures:

1. Chase is a wholly-owned subsidiary of JPMorgan Chase & Co., which is a publicly held corporation. JPMorgan Chase & Co. does not have a parent corporation and no publicly held corporation owns 10% or more of its stock. However, The Vanguard Group, Inc., an investment adviser which is not a publicly held corporation, has reported that registered investment companies, other pooled investment vehicles, and institutional accounts that it or its subsidiaries sponsor, manage, or advise have aggregate ownership under certain regulations of 10% or more of the stock of JPMorgan Chase & Co.

2. Jurisdiction in this action is based on 15 U.S.C. § 1681p and 28 U.S.C. §

1331.

3. Each person – including each lawyer, association, firm, partnership, corporation, limited liability company, subsidiary, conglomerate, affiliate, member, and other identifiable and related legal entity — that has or might have an interest in the outcome:

    a. Plaintiff, Janay Rebbecca Johnson;

    b. Counsel for Plaintiff, The Consumer Lawyers PLLC;

    c. Counsel for the Plaintiff, Christopher Wallace Legg;

    d. Counsel for the Plaintiff, Octavio "Tav" Gomez;

    e. Defendant, JPMorgan Chase Bank, N.A.;

    f. JPMorgan Chase & Co.;

    g. The Vanguard Group, Inc.;

    h. Counsel for Defendant, Greenberg Traurig, P.A.; and

    i. Counsel for Defendant, Courtney M. Keller.[1]

4. The name of each entity whose publicly-traded shares or debt may be potentially affected by the proceedings:

    a. JPMorgan Chase & Co.

5. Each additional entity likely to actively participate, including in a bankruptcy proceeding the debtor and each member of the creditors' committee:

    a. None.

---

[1] Defendants Experian Information Solutions, Inc. and Trans Union LLC have been dismissed from the action.

6.    Each person arguably eligible for restitution:

    a. None, other than allegedly Plaintiff.

## Local Rule 3.03 Certification

I certify that, except as disclosed, I am unaware of an actual or potential conflict of interest affecting the district judge or the magistrate judge in this action, and I will immediately notify the judge in writing within fourteen days after I know of a conflict.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of April, 2024 I electronically filed the foregoing **Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3.03**, through the Court's CM/ECF system, which will send an electronic copy to the following:

Christopher W. Legg, Esq.
Octavio "Tav" Gomez, Esq.
The Consumer Lawyers PLLC
412 E. Madison St., Ste. 916
Tampa, Florida 33602
chris@theconsumerlawyers.com
tav@theconsumerlawyers.com
*Counsel for Plaintiff*

                                        **GREENBERG TRAURIG, P.A.**
                                        450 South Orange Avenue, Suite 650
                                        Orlando, Florida 32801
                                        Telephone:  (407) 420-1000
                                        Facsimile: (407) 420-5909

                                        By: */s/ Courtney M. Keller*
                                            Courtney M. Keller, Esquire
                                            Florida Bar No. 028668
                                            Email: kellerc@gtlaw.com

                                        *Counsel for Defendant JPMorgan Chase Bank, N.A.*